United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41125
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROLANDO RAMOS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2114-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Rolando Ramos was convicted by a jury of two counts of transporting undocumented aliens within the United States for financial gain by means of a motor vehicle, in violation of 8 U.S.C. § 1324, and was sentenced to 37 months in prison. Ramos appeals the district court's denial of his motion to suppress, arguing that the arresting agent did not have probable cause or a warrant to arrest him.

We review the district court's factual findings for clear error and the district court's ultimate conclusion as to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutionality of the law enforcement action de novo.  United States v. Runyan, 275 F.3d 449, 456 (5th Cir. 2001).  We consider all of the the evidence taken at trial, not just that presented before the ruling on the suppression motion, in the light most favorable to the Government.  See id.; United States v. Rideau, 969 F.2d 1572, 1576 (5th Cir. 1992) (en banc).

"The Constitution does not require that a warrant issue prior to an arrest based on probable cause, even if no exigent circumstances prevented the obtainment of a warrant."  United States v. Avila-Dominguez, 610 F.2d 1266, 1270-71 (5th Cir. 1980).  The question is whether the United States Border Patrol agents had probable cause at the time Ramos was arrested.  See id. at 1271.  Under the collective knowledge doctrine, we look to whether the 'laminated total' of the information known by the agents who were in communication with one another amounted to probable cause.  See United States v. Kye Soo Lee, 962 F.2d 430, 435-36 (5th Cir. 1992).

The testimony at trial shows that the facts and circumstances within the collective knowledge of the Border Patrol agents at the time of the arrest were sufficient for a reasonable person to conclude that Ramos had committed the offense of illegally transporting aliens.  See 8 U.S.C. § 1324(a)(1)(A)(ii); United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995).  Accordingly, the agents had probable cause for

the warrantless arrest, and the district court did not err in denying the motion to suppress.

AFFIRMED.